UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BERNARD S. OWNBY, )
 )
    Plaintiff, )
 )
v. ) No. 3:17-CV-211-HBG
 )
NANCY A. BERRYHILL, )
Deputy Commissioner for Operations, )
performing the duties and functions not )
reserved to the Commissioner of Social Security, )
 )
    Defendant. )

# MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 12]. Now before the Court is Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 15 & 16], Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18], and Plaintiff's Reply Memorandum [Doc. 19]. Bernard S. Ownby ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill ("the Commissioner"). For the reasons that follow, the Court will **GRANT** Plaintiff's motion and **DENY** the Commissioner's motion.

## I.    PROCEDURAL HISTORY

On October 25, 2013, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, claiming a period of disability that began on June 11, 2011. [Tr. 140-46]. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 86]. A hearing was

held on November 17, 2015. [Tr. 32-51]. On January 22, 2016, the ALJ found that Plaintiff was not disabled. [Tr. 19-27]. The Appeals Council denied Plaintiff's request for review [Tr. 1-3], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on May 12, 2017, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2014.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of June 11, 2011 through his date last insured of December 31, 2014 (20 CFR 404.1571).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and obesity (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). He can frequently climb, balance, stoop, kneel, crouch, and crawl.
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work. (20 CFR 404.1565).
>
> 7. The claimant was born on November 27, 1965 and was 49 years old, which is defined as a younger individual age 18-49, on the date

last insured (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 11, 2011, the alleged onset date, through December 31, 2014, the date last insured (20 CFR 404.1520(g)).

[Tr. 21-27].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It

is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his

4

impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. § 404.1520(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. § 404.1545(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

On appeal, Plaintiff asserts that the ALJ failed to properly assess his credibility and subjective allegations of pain in accordance with Social Security Ruling 96-7p. [Doc. 16 at 12-17].

"The factual determination as to whether appellant is able to work despite his pain is within

5

the discretion of the ALJ." *Murphy v. Sec'y of Health & Human Servs.*, No. 83-5816, 1985 WL 13273, at *4 (6th Cir. 1985). Social Security Ruling 96-7p articulates the standard for evaluating a claimant's subjective allegations, including those regarding pain, as follows.

> First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. . . . Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.

1996 WL 374186, at *2 (July 2, 1996). When objective medical evidence fails to substantiate a claimant's subjective allegations regarding the intensity, persistence, or functional effects of pain, the ALJ must make a credibility finding based on the entire case record. *Id.*

Moreover, and in addition to considering objective medical evidence, the ALJ must consider the following factors in assessing a claimant's credibility: (1) daily activities; (2) the location, frequency, and intensity of the pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (5) treatment, other than medication, received or have received for relief of pain or other symptoms; (6) any measures that are used or were used to relieve pain or other symptoms; (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *Id.* at *3 (citing 20 C.F.R. § 1529(c)(4)).

Finally, the ALJ's assessment of a claimant's credibility "is to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility. Nevertheless, an ALJ's assessment of a claimant's credibility must be

supported by substantial evidence." *Walters*, 127 F.3d at 531.

In the instant case, Plaintiff testified that he is unable to work due to chronic pain and memory problems. [Tr. 23, 38-39]. He further testified that he is able to stand for 15 minutes, walk for five minutes, is unable to lift heavy objects, and uses a cane to assist with ambulation. [Tr. 23, 40-41, 45-46]. Plaintiff has received treatment for pain in the form of chiropractic care, physical therapy, and pain management. [Tr. 23, 42].

In the disability determination, the ALJ discussed the medical evidence as follows. Plaintiff has a history of right L3, L4, and L5 laminectomy performed in August 2007. [Tr. 24, 236]. Plaintiff returned to his neurosurgeon, Stephen Sanders, M.D., in December 2012 with complaints of low back pain, as well as burning, tingling, and numbness in his lower extremities. [*Id.*]. Examination findings demonstrated normal gait and station, giveaway of the bilateral lower extremities, positive straight leg raise testing, tenderness over the left SI joint, and no signs of clonus or Babinski. [Tr. 24, 237-38]. Plaintiff underwent three separate steroid injections which improved his pain until he presented to Dr. Sanders again a year later on November 13, 2013. [Tr. 24, 647-60]. At this time, an MRI on the lumbar spine revealed advanced degenerative disc disease from L3-4 through L5-S1, post-surgical changes including L4 and L5 laminectomies, and multi-level central canal narrowing on the left at L3-4. [Tr. 24, 250].

While Plaintiff received primary care from Karns Medical Center from May 2012 through June 2015, where he was prescribed Mobic and meloxicam for chronic low back pain [Tr. 24, 377-565], Plaintiff's back pain was primarily treated by Joe Browder, M.D., at Pain Consultants of East Tennessee from December 2012 through October 2015 where Plaintiff received medication management, including narcotic medications, and physical therapy services [Tr. 24, 630-1374]. Upon initial evaluation with Dr. Browder, Plaintiff exhibited full range of motion in his lumbar

7

spine, severe tenderness to palpation in the midline spine and bilateral paramedian from the beltline down, and low back pain at 45 degrees upon straight leg raise testing. [Tr. 24, 655].

In assessing Plaintiff's RFC, the ALJ assigned "great weight" to the March 7 and August 13, 2014 opinions of the nonexamining state agency physicians, who opined that Plaintiff could perform light work with frequent postural activities, because the opinions were supported by the medical evidence as a whole. [Tr. 25, 65-67, 72-74]. With specific regard to the credibility of Plaintiff's pain complaints, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." [Tr. 25]. In other words, while the ALJ found that Plaintiff's impairments were severe, he concluded that they were not disabling, because Plaintiff's subjective allegations were disproportionate to the objective medical evidence. [*Id.*]. In this regard, the ALJ found that "clinical and diagnostic records fail to document any abnormality" that substantiated the degree of pain alleged by Plaintiff as treatment notes from Dr. Browder revealed physical therapy and medication management reduced Plaintiff's pain to a three on a 10-point scale. [*Id.*] (citing Exhibit 13F). Additionally, the ALJ cited to Plaintiff's discharge from his primary care provider at Karns Medical Center in January 2015 for failing a drug screen. [Tr. 25-26] (citing Exhibit 7F). The same treatment note from Karns Medical Center also revealed that Plaintiff was sexually inappropriate with the attending nurse and support staff when asked for a urine sample. [*Id.*].

Contending that the ALJ's credibility determination in not supported by substantial evidence, Plaintiff first argues that pursuant to Social Security Ruling 96-7p "the ALJ failed to consider all the evidence of record in determining that [Plaintiff] did not have a medically determinable impairment likely to cause pain." [Doc. 16 at 12]. Plaintiff asserts that the evidence

establishes that he has a medically determinable impairment of severe back pain that is likely to cause his alleged pain and reported symptoms despite having undergone surgery and persistent attempts to treat his impairment. [*Id.* at 12-14]. The Court finds Plaintiff's interpretation of the ALJ's decision misplaced. Contrary to Plaintiff's assertion, the ALJ did find that Plaintiff had a medically determinable impairment of the back that caused pain. Specifically, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine was a medically determinable impairment that was severe. [Tr. 21]. Moreover, the ALJ agreed with Plaintiff that his impairment caused pain. [Tr. 25]. The ALJ disagreed, however, that the pain was disabling. [*Id.*]. Therefore, Plaintiff's first allegation of error is without merit.

Second, Plaintiff argues that the ALJ's credibility determination is flawed because the ALJ selectively chose parts from Dr. Browder's treatment notes to support an adverse credibility finding. [Doc. 16 at 14-16]. Plaintiff concedes that, on occasion, he rated his pain level as a three, as observed by the ALJ, but argues that the ALJ selectively focused on those few records while ignoring other treatment notes from Dr. Browder which demonstrate that prior to Plaintiff's date last insured, Plaintiff's pain was more consistently rated as a seven despite a series of epidural injections, lumbar medial branch blocks, and physical therapy. [*Id.* at 15]. Because the ALJ did not fairly consider all of the medical records from Dr. Browder, nor were any of these records reviewed by the nonexamining state agency physicians when they assessed Plaintiff's RFC, Plaintiff contends that the ALJ's credibility finding is not supported by substantial evidence. [*Id.* at 15-16].

The Court agrees with Plaintiff's contention. In reaching this conclusion, the Court observes that the ALJ's reliance upon Dr. Browder's treatment notes to demonstrate that physical therapy and mediation management reduced Plaintiff's pain level to a three are dated March 2015

9

through October 2015, a period of time that follows Plaintiff's date last insured of December 31, 2014. Because a claimant must demonstrate disability between his alleged onset date and date last insured for purposes of Title II disability benefits, "[e]vidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Comm'r of Soc. Sec.*, 88 F. App'x 841, 845 (6th Cir. 2004). Post-dated evidence, however, may be relevant if it "relate[s] back to the claimant's condition prior to the expiration of her date last insured." *Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003) (citing *King v. Sec'y of Health and Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990)). The Court finds that the treatment notes from Dr. Browder which the ALJ relies upon are not representative of Plaintiff's response to treatment prior to his date last insured.

During the relevant period under review up until July 2014, Dr. Browder's treatment notes consistently document short-term, temporary relief at best from epidural injections and lumbar medial branch blocks, a reported pain level between seven and nine, and abnormal musculoskeletal examination findings, including moderate to severe tenderness to palpation of the bilateral SI joints, decreased range of motion, and positive straight leg raise tests, Patrick's maneuver, distraction test, and compression test. [Tr. 643-44, 664-65, 686-89, 710-12, 726-27, 744, 766-67]. The Court finds the foregoing evidence is not inconsistent with Plaintiff's subjective allegations of pain.

While the ALJ need not comment on all of the evidence for his decision to stand, nor is he required to conduct an exhaustive analysis of the factors set forth in Social Security Ruling 96-7p, "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951). Here, despite the longevity of treatment received from Dr. Browder during the relevant period under review, the

ALJ did not discuss Dr. Browder's treatment notes in any detail aside from his initial evaluation and then relied on post-dated treatment notes to discount Plaintiff's reported level of pain. Therefore, the Court is unable to conclude that the ALJ's decision provides enough "relevant evidence as a reasonable mind might accept as adequate to support" his conclusion that Plaintiff's statements concerning the intensity, persistence and limiting effects of his pain are not entirely credible. *See Cutlip*, 25 F.3d at 286.

To be clear, the Court is not making a finding that the evidence is so overwhelming that Plaintiff is entitled to disability benefits. Rather, the Court finds that remand is appropriate so the ALJ may more fully consider treatment notes prior to the expiration of Plaintiff's insured status. Indeed, the Court notes that beginning in July 2014 through the expiration of Plaintiff's insured status on December 31, 2014, Plaintiff began to see an improvement in his pain and reported greater functioning abilities to Dr. Browder with a pain rating between two and five. [Tr. 787, 829, 840, 872, 896, 954, 1000]. However, these treatment notes were not relied upon by the ALJ in making his credibility finding nor were they reconciled with the more severe findings noted by Dr. Browder previously. Additionally, the Court, like the ALJ, expresses concern over Plaintiff's discharge from Karns Medical Center for a failed drug screen shortly after his insured status expired. The Court also notes that Dr. Browder, too, briefly discharged Plaintiff from treatment due to a failed drug screen for marijuana in April 2014. [Tr. 742-43]. Despite these instances, however, the Court "is not convinced that [Plaintiff's] behavior can be interpreted only in a negative manner to discount h[is] complaints of pain." *See Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 435 (6th Cir. 2013) (rejecting the ALJ's reliance on "cherry-picked" portions of the medical record of "narcotics-seeking behavior" where "[t]he record equally supports a conclusion

that Minor's behavior is explained by her diagnosed pain disorder, which the ALJ did not fully consider").

Finally, the Court finds that the ALJ's reliance on the opinions of the nonexamining state agency physicians, who did not have the benefit of reviewing Dr. Browder's treatment of Plaintiff, is insufficient to support the ALJ's adverse credibility finding. As cited by Plaintiff, "[w]hen an ALJ relies on a non-examining source who did not have the opportunity to review later submitted medical evidence," our appellate court "require[s] some indication that the ALJ at least considered these [new] facts before giving greater weight to an opinion that is not based on a review of a complete case record." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013) (quotation and internal quotation marks omitted). It is clear from the ALJ's decision that Dr. Browder's full treatment of Plaintiff was not fairly considered by the ALJ, thereby making the opinion evidence untenable.

Accordingly, Plaintiff's second assignment of error is well-taken, and the Court finds that substantial evidence does not support the ALJ's credibility finding regarding Plaintiff's subjective allegations of pain.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment [**Doc. 15**] will be **GRANTED**, and the Commissioner's Motion for Summary Judgment [**Doc. 17**] will be **DENIED**. This case will be **REMANDED** to the Social Security Administration with instructions that the ALJ reconsider the medical evidence of record, particularly treatment notes from Dr. Browder

during the relevant period under review, in assessing the credibility of Plaintiff's subjective allegations regarding his level of pain.

ORDER ACCORDINGLY.

_____
United States Magistrate Judge