UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BERNARD S. OWNBY,                )
                                 )
        Plaintiff,                )
                                 )
v.                               )        No. 3:17-CV-211-HBG
                                 )
ANDREW M. SAUL,[1]                )
Acting Commissioner of Social Security, )
                                 )
        Defendant.                )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the consent of the parties [Doc. 12]. Now before the Court is Plaintiff's Petition for Approval of 406(b) Attorney Fees [Doc. 27], as well as Plaintiff's Motion to Amend Petition [Doc. 31]. Plaintiff requests that the Court enter an Order awarding $2,769.75 in attorney's fees under 42 U.S.C. § 406(b).[2]

## I. BACKGROUND

On August 28, 2017, Plaintiff filed a Motion for Summary Judgment and Memorandum in Support [Docs. 15 & 16], and on September 22, 2017, the Commissioner filed a competing Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18]. The Court entered a

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019, during the pendency of this case. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the Defendant in this case.

[2] Plaintiff originally requested an award of $22,769.75 [Doc. 27], but subsequently amended this request to state that counsel "expects the Social Security Administration will pay attorneys fees for services rendered at the administrative level and therefore, further amends the petition and lowers his request" [Doc. 31 at 2].

Memorandum Opinion [Doc. 20] on April 27, 2018, granting Plaintiff's motion and denying the Commissioner's motion. Specifically, the Court ordered that the case be remanded to the Social Security Administration with instructions that the ALJ reconsider the medical evidence of record, particularly the treatment notes from Dr. Browder during the relevant period under review, in assessing the credibility of Plaintiff's subjective allegations regarding his level of pain. [Doc. 21].

On June 12, 2018, Plaintiff filed a Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 22]. After the Commissioner responded that he did not oppose Plaintiff's motion [Doc. 25], the Court entered an Order on June 28, 2018, granting Plaintiff $4,134 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d) [Doc. 27]. The instant motion before the Court seeks an additional award of attorney's fees pursuant to 42 U.S.C. § 406(b). [Doc. 27].

## II. POSITIONS OF THE PARTIES

Plaintiff's counsel initially requested approval to charge attorney's fees pursuant to 42 U.S.C. § 406(b) based on his contingency fee agreement with the Plaintiff. [Doc. 27]. Counsel asserts that Plaintiff was awarded $107,615 in past-due benefits, of which $26,903.75 was withheld for payment of fees associated with the award. Counsel further explained that Plaintiff was also filing a fee petition for services rendered at the administrative level, as well as that Plaintiff was previously awarded an attorney's fee of $4,134, and thus counsel requested approval of the fee in the amount of $22,769.75 ($26,903.75 - $4,134). Counsel attached the client-attorney agreement, affidavits of Paul Drozdowski and Kenneth Miller, and a time summary. Lastly, counsel submits that this amount is reasonable and should be upheld pursuant to *Gisbrecht v. Barhhart*, 535 U.S. 789 (2002). [*Id.* at 2].

The Commissioner responds [Doc. 30], that the petition was only partially complete, as Plaintiff failed to submit the necessary materials for the Court to determine if the request is reasonable. The Commissioner claims that upon filing of the agency Notice of Award letter and the final favorable decision issued by the Commissioner on remand, the "record will contain the past due benefit total, the amount withheld by the agency, and the existence of a favorable decision." [*Id.*]. Plaintiff subsequently filed the Fully Favorable Administrative Law Judge's decision dated March 13, 2019 [Doc. 31-1], as well as the December 7, 2019 Notice of Award [Doc. 31-2]. Additionally, as the Court previously detailed, Plaintiff amended his 406(b) request to the amount of $2,769.75. [Doc. 31 at 2]. The Commissioner does not oppose [Doc. 32] payment of attorney's fees in this case, pursuant to 42 U.S.C. § 406(b), in the amount of $2,769.75.

## III. ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

> 1. The Court must have rendered a judgment favorable to the Plaintiff;
>
> 2. The Plaintiff must have been represented by counsel; and
>
> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.* The Court will address each condition in turn.

### A. Favorable Judgment

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of section

3

406(b), may be considered a "favorable judgment." *See Wilson v. Saul*, No. 3:16-cv-95-HBG, 2019 WL 6742965, at *2 (E.D. Tenn. Dec. 11, 2019) (citing *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006)). Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

### B. Representation by Counsel

In support of the motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and the Plaintiff, which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 27-3]. Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

### C. Reasonableness of Fee Amount

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law, is consistent with the agreement between counsel and the Plaintiff, and the amount requested is reasonable. [Doc. 27 at 2]. However, with the additional request for attorney's fees at the administrative level, counsel has further amended his request to only $2,769.75 in attorney's fees under section 406(b). [Doc. 31 at 2]. The Commissioner responds [Doc. 32] that he does not oppose this amended amount.

However, the Court must still independently determine whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the

4

attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. In fact, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits was ultimately granted to the Plaintiff. Thus, counsel was effective in his representation as he was able to achieve a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.).

As noted, Plaintiff's counsel has only requested $2,769.75 in attorney's fees under section 406(b) in the present case. The Social Security Administration has withheld $26,903.75 of past-

5

due benefits in this case. The Court considers the factors set forth in *Hayes*, the affidavits and itemized bill set forth by Plaintiff, the lack of opposition from the Commissioner, and the nature and complexity of the case, and finds the contingency fee award in the amount of $2,769.75 is reasonable. Moreover, the Court is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). Accordingly, the Court finds that an attorney's fee in the amount of $2,769.75 does not represent a windfall.

As a final matter, the Court notes that when attorney's fees are awarded under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the plaintiff. *Gisbrecht*, 535 U.S. at 796 (quoting Act. of Aug. 5, 1985, Pub. L. No. 99–80 (HR 2378), PL 99–80, § 3, 99 Stat. 186). However, in the present case, Plaintiff's counsel subtracted the previously-awarded EAJA fee from his initial request.

This practice, sometimes referred to as the "offset procedure," has "yet to [be] considered" by the Sixth Circuit. *See Drake v. Comm'r of Soc. Sec.*, No. 14-12662, 2016 WL 492704, at *3 (E.D. Mich. Feb. 9, 2016) (declining to apply the offset procedure under the lack of Sixth Circuit precedent, the Supreme Court's decision in *Grisbecht v. Barnhard*, 535 U.S. 789, 796 (2002), and an analysis of the Savings Provision of the EAJA). Congress harmonized the EAJA and Section 406(b) "in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412 note); *see Drake*, 2016 WL 492704, at *2 ("The EAJA Savings Provision thus prevents an attorney from obtaining a 'double recovery' under the EAJA and

6

Section 406(b) for the same work."). In *Jackson v. Comm'r of Soc. Sec.*, the Eleventh Circuit noted that the EAJA Savings Provision does not detail the specific procedure for refunding the attorney's fees under the EAJA and found that the attorney may do so by reducing a Section 406(b) fee request by the amount of the EAJA award or refunding the smaller EAJA award to Plaintiff. 601 F.3d 1268 (11th Cir. 2010).

Ultimately, the Court does not generally endorse the application of the offset procedure, but due to Plaintiff's counsel's reduced request and the lack of opposition from the Commissioner, the Court finds that Plaintiff's counsel has appropriately accounted for the refund as set forth in the EAJA Savings Provision. *See Ferry v. Comm'r of Soc. Sec.*, No. 1:13-CV-482, 2016 WL 4471672, at *1 (S.D. Ohio Aug. 4, 2016) ("In lieu of seeking a higher award and refunding the amount of EAJA fees as would otherwise be required under the statute, counsel has simply subtracted the amount of the prior EAJA fee award from the total sought under § 406(b). The same practice has been sanctioned previously by this Court, as well as by published case law from other courts.") (citing *Jackson*, 601 F.3d at 1268), *report and recommendation adopted by*, 2016 WL 4447819 (S.D. Ohio Aug. 24, 2016)).

IV.  **CONCLUSION**

Based upon the foregoing, Plaintiff's Petition for Approval of 406(b) Attorney Fees [**Doc. 27**] is **GRANTED IN PART**, and Plaintiff's Motion to Amend Petition [**Doc. 31**] is **GRANTED.** It is **ORDERED** that attorney's fees in the amount of $2,769.75 be payable to Plaintiff's counsel under 42 U.S.C. 406(b). The Court, however, reminds Plaintiff's counsel of his obligation pursuant to the EAJA and the Court's prior fee Order [Doc. 26] in this matter. *See Drake*, 2016 WL 492704, at *2 ("Moreover, the Savings Provision references Section 206(b)(2), which makes it a misdemeanor for an attorney to collect fees greater than the amount authorized by the court,

7

but clarifies that 'no criminal penalties attach when the claimant's attorney receives fees under both the EAJA and § 406(b) but refunds the smaller of the fees to the claimant.'") (citing *Jackson*, 601 F.3d at 1272).

    **IT IS SO ORDERED**.

                              ENTER:

                              _____
                              United States Magistrate Judge